NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—August, 1885.

## COCHRANE *v.* WALKER.

*In the matter of the judicial settlement of the account of* JOSEPH WALKER *and another, as executors of the will of* JOHN C. MORRISON, *deceased.*

Testator, by his will, devised and bequeathed the residue of his estate to the executors, in trust to pay, "out of the income thereof," to his widowed daughter, during her life, the annual sum of $1,600," in quarterly payments, on days named, directing the first payment to be made on the first quarter day occurring after his decease; and made provision for the accumulation of "any surplus or excess of said income, after paying said $1,600 per annum," and lawful expenses,—with remainder over. Upon an accounting had after the lapse of several years, it appearing that deficiencies of income for certain years had been paid by the trustees out of the surplus received in others, it was, upon objection by certain remaindermen,—

*Held*, that the annuitant was entitled to have all arrearages of lean years satisfied out of the income of after years that were full; and that the objection should be overruled.

Stewart v. Chambers, 2 *Sandf. Ch.*, 382—followed.

UPON the judicial settlement of the account of Joseph Walker and William E. Barnes, executors of

decedent's will, the following provision of that instrument was submitted to the court for judicial construction :

" I give, devise and bequeath all the rest and residue of my estate, real and personal, to my executors hereinafter named and their successors in trust and for the uses and purposes following, namely : (1) Out of the income thereof, whether arising from rents, interest or otherwise, to pay to my said daughter Louisa A. Morris, during her life, the annual sum of sixteen hundred dollars, payable in quarter yearly payments of four hundred dollars each, on the first days of May, August, November and February in each and every year, the first payment to be made on the first of those quarter days which shall occur after my decease, said payments to be made to the said Louisa alone and for her sole use and benefit. . . . . . (2) Any surplus or excess of said income, after paying said sixteen hundred dollars per annum, and the lawful charges and expenses of my said executors in the execution of their trusts and duties under this will are, during the life of said Louisa, to be added to the principal of the estate, and after the death of said Louisa the whole estate then remaining, is to be divided and distributed equally to and among my other children, namely : . . . . . share and share alike, and if any of my said children be then dead, leaving children, such children are to have the share of the deceased parent."

In some years, the income of the residuary estate had been less than $1,600. Afterwards it had exceeded that sum. Objections interposed in behalf of

certain remaindermen, great grandchildren of the testator, raised the question whether the arrears of the annuity could be paid from the surplus of the full years, or those persons should receive the surplus to whom a surplus was payable by the terms of the will.

BUTLER, STILLMAN & HUBBARD, *for the executors:*

The will permits the executors to apply surplus of net income over $1,600 in one year to make up a deficiency under that sum in any other. The trust covers the whole property, and the primary object is to give the testator's widowed daughter an income of $1,600 per annum (cites Delaney v. Van Aulen, 84 *N. Y.*, 16). The words "annual sum" only define the quantum or rate of payment. The *whole* income is constituted a trust fund to enable said daughter to receive $400 quarter-yearly during her life.

ROGER FOSTER, *special guardian for Cochrane infants:*

The provision for the accumulation of the surplus money is clearly void (1 R. S., 726, § 37; L. 1846, ch. 74; L. 1855, ch. 432). The will must, therefore, be construed as if there were no such disposition in it (Casamaijor v. Pearson, 8 *Clark & Fin.*, 69, 92). Had the years in which there was a surplus preceded those in which a deficiency occurred, the amount of the latter could not have been recovered from the previous surplus (Haynes v. Haynes, 3 *De G., McN. & G.*, 590; Stelfox v. Sugden, *Johns.* [*Eng. Ch.*], 234, 243). The language shows an intention that arrears of the annuity cannot be made up (Pierce's estate, 56 *Wisc.*, 560). The authorities support the contention

(Thellusson v. Woodford, 4 *Ves.*, 227; Casamaijor v. Pearson, *supra*; R. R. Co. v. Schutte, 103 *U. S.*, 118, 143; Scott v. Salmond, 1 *Mylne & K.*, 363; Haynes v. Haynes, *supra*; Foster v. Smith, 1 *Phillips*, 629; Baker v. Baker, 6 *H. L. C.*, 616; Delaney v. Van Aulen, 84 *N. Y.*, 16, 27; 92 *id.*, 627).

THE SURROGATE.—There seems to be no room for doubt that the claim in this testator's will, which directs the accumulation of income is illegal and void; but, if counsel for the executors are right in their contention, there has been no actual accumulation, and no occasion, therefore, has yet arisen for the Surrogate to pass upon the validity of the disputed clause. For that which the contestant claims to have been surplus income, in the years 1882 and 1883, the executors insist belonged to the annuitant, in satisfaction of deficiencies in previous years.

The claim of the special guardian that, by the terms of the will, the excess of income in any given year, over the sum of $1,600, in no event belonged to the annuitant is supported by numerous citations of authorities and by cogent arguments, which would control my judgment, if I had not chanced to encounter the case of Stewart v. Chambers (2 *Sandf. Ch.*, 382). That case is in all respects like the one at bar, and explicitly holds that, until an annuitant, situated like the one whose rights are here in controversy has been fully paid, all arrearages of lean years should be satisfied out of the income of after years that are full. I cannot find that this decision has been overruled or adversely criticised since it was

rendered in 1845.   It was greatly relied upon by the unsuccessful appellants in Delaney v. Van Aulen (84 *N. Y.*, 16.).   FOLGER, J., in pronouncing the opinion of the Court of Appeals in that case, declared that neither the pleadings nor the facts presented the question whether the plaintiff could claim the application of one year's surplus to a former year's deficiency.

After a re-trial of the action in the Supreme court, and a new appeal, DYKMAN, J., pronouncing the opinion of the General Term in the Second Department, referred to the case of Stewart v. Chambers, and while apparently recognizing its authority, held that it was inapplicable to the facts of the case then under review.   Judge DYKMAN's opinion does not appear in 26 *Hun*, 533, where the case is merely listed, but it may be found in the appeal papers in the Court of Appeals cases for 1883 (vol. 9, Bar Asso. series).

Objection overruled.